UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

AIG LIFE INSURANCE COMPANY,            )
                                       )   2:07-cv-919-GEB-DAD
                Plaintiff,             )
                                       )   <u>ORDER TO SHOW CAUSE</u>
     v.                                )   <u>AND CONTINUING STATUS</u>
                                       )   <u>(PRETRIAL SCHEDULING)</u>
ELLEN I. LUA; VIRGINIA JOY ALLEN;      )   <u>CONFERENCE</u>)
                                       )
                Defendants.            )
_____)

      The May 15, 2007, Order Setting Status (Pretrial Scheduling) Conference ("May 15 Order") scheduled a status conference in this case for August 13, 2007, and required the parties to file a joint status report no later than fourteen days prior to the scheduling conference. The May 15 Order further required that a status report be filed regardless of whether a joint report could be procured.  No status report was filed.

      Plaintiff is Ordered to Show Cause (OSC) no later than 4:00 p.m. on September 10, 2007, why sanctions should not be imposed against counsel and/or Plaintiff for the failure to file a timely status report under Rule 16(f) of the Federal Rules of Civil

1

1 Procedure.  This response shall also explain why counsel and/or
2 Plaintiff should not be sanctioned for failure to timely serve
3 Defendants with a copy of the May 15 Order, if Defendants were not
4 served with that Order in time for Defendants to file a status
5 report.[1]  The written response must include the date on which service
6 of the May 15 Order was made and proof of that service.  The written
7 response shall also state whether Plaintiff or counsel is at fault and
8 whether a hearing is requested on the OSC.[2]  If a hearing is
9 requested, it will be held on October 1, 2007, at 9:00 a.m., just
10 prior to the status conference, which is rescheduled to that date.

11      In accordance with the requirements set forth in the May 15
12 Order, the parties shall file a joint status report no later than
13 fourteen days prior to the status conference.  If Defendants have not
14 been served with a copy of the May 15 Order, Defendants shall serve
15 them with a copy of that order and a copy of this order immediately.

16      IT IS SO ORDERED.

17 Dated:  August 6, 2007

19 GARLAND E. BURRELL, JR.
United States District Judge

---

[1] The May 15 Order stated: "Concurrently with the service of process, or as soon thereafter as possible, plaintiff(s) shall serve upon each of the parties named herein . . . a copy of this order, and shall file with the Clerk of Court a certificate reflecting such service."  May 15 Order at 1.

[2] "If the fault lies with the attorney, that is where the impact of sanction should be lodged.  If the fault lies with the clients, that is where the impact of the sanction should be lodged." Matter of Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985).  Sometimes the faults of attorneys, and their consequences, are visited upon clients.  In re Hill, 775 F.2d 1385, 1387 (9th Cir. 1985).

2