```
 1
 2
 3
 4
 5
 6
 7
 8                    UNITED STATES DISTRICT COURT
 9                   EASTERN DISTRICT OF CALIFORNIA
10
11  AIG LIFE INSURANCE COMPANY,      )
                                     )   2:07-cv-00919-GEB-DAD
12             Plaintiff,            )
                                     )
13        v.                         )   ORDER
                                     )
14  ELLEN I. LUA; VIRGINIA JOY ALLEN,)
                                     )
15             Defendants.           )
                                     )
16
```

17          The trial in this interpleader action was held December
18  16, 2008.  AIG Life Insurance Company ("AIG") commenced this
19  lawsuit following the unexpected demise of its insured Kenneth Lua
20  ("Kenneth"), and after it received conflicting claims seeking the
21  life insurance proceeds to be paid under Kenneth's AIG life
22  insurance policy.  AIG has placed the life insurance proceeds in
23  the Court's custody, and has been dismissed as a party.
24          Both Kenneth's first wife, Virginia Joy Allen ("Allen"),
25  (from whom he was divorced under the terms of a Marital Settlement
26  Agreement), and his second wife, Ellen Lua ("Lua"),(to whom he was
27  married at the time of his death), claim entitlement to the life
28  insurance proceeds.

<u>I. Factual Findings</u>

1. Allen was married to Kenneth from December 1990 until their marriage was dissolved by Judgment in May 1994.

2. On November 8, 1991, Kenneth named ALLEN as the beneficiary of the AIG life insurance policy no. SRG 0008064270 ("AIG policy") that is the subject of this lawsuit.

3. In 1994 Kenneth married LUA.

4. On September 1, 2006, Kenneth died from injuries sustained in a motorcycle accident.

5. Kenneth never changed the beneficiary to the AIG policy.

6. At the time of Kenneth's demise, he was married to LUA.

7. The Judgment of Dissolution between Kenneth and ALLEN gave Kenneth the full interest and title to the PG & E Savings Fund and the Pension Plan of PG & E. As part of the dissolution process, Kenneth was advised to make whatever changes to his life insurance policies that he wished. Kenneth made no changes to the subject policy.

8. On or about October 1, 2006, Lua submitted a claim to AIG in which she stated Allen had *"released all her rights to any of Ken's PG &E benefits"* and that she was sure *"Ken just neglected to change this policy to list me as the beneficiary after we had gotten married."*

9. AIG subsequently contacted Allen to inquire whether she wished to waive asserting a claim or waive any benefits. Allen informed AIG that she would assert a claim and did not waive any claim to benefits or proceeds. AIG received a letter from Allen in

which she stated Kenneth "*gave me a verbal contract to keep his life insurance in my name . . .*"

## II.  Conclusions of Law

Lua contends Allen waived her beneficiary expectancy interest under the AIG policy in a provision of a Marital Settlement Agreement Allen entered with Kenneth.  Lua argues in that provision Allen waived her rights "under" Kenneth's "separate property pension plan."  However, this general language did not extinguish Allen's expectancy interest in Kenneth's AIG policy. Life Insurance Company of North America v. Ortiz 535 F.3d 990, 993 (9th Cir. 2008)(stating under California law "general language in a marital settlement agreement will not be construed to include an assignment or renunciation of the expectancy interest conferred on the named beneficiary of an insurance policy . . . unless it clearly appears that the agreement was intended to deprive [the] spouse of such a right")(Internal quotation and citation omitted).

The evidentiary record contains no facts supporting Lua's contention that Allen waived her rights as a beneficiary under Kenneth's AIG life insurance policy.  "The term 'beneficiary' means a person designated by a participant . . . . " 29 U.S.C. § 1002(8).  Since Allen was the designated beneficiary under the AIG policy, she prevails on her claim.

Therefore, pursuant to the Stipulation and Order filed December 5, 2007, AIG is awarded the sum of $4,913.84 as reasonable attorney's fees and costs in this action, which shall be paid to AIG unless it has already been paid. All remaining proceeds from the AIG life insurance policy in the Court's custody, including all principal and interest, but excluding the Court registry fee, shall

be paid to Virginia Joy Allen.  Judgment shall be entered in favor Defendant Virginia Joy Allen.

IT IS SO ORDERED.

Dated:  December 17, 2008

_____
GARLAND E. BURRELL, JR.
United States District Judge